Case 4:25-cr-00363   Document 8   Filed on 07/08/25 in TXSD   Page 1 of 5

United States Courts
Southern District of Texas
**FILED**
*July 08, 2025*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | |
| MIGUEL ANGEL CAICEDO MANZI § | Criminal No. **4:25-cr-00363** |
| ANDERSON JAHIR BONILLA BONILLA § | |
| OLEKSII TSYB § | |
| OCTAVIO RODRIGUEZ OSORIO § | |
| IMER FIGUEROA NAVA § | |

## INDICTMENT

THE GRAND JURY CHARGES:

### Count One
(Conspiracy to Possession with Intent to Distribute Cocaine)

On or about October 17, 2024, in the Southern District of Texas and within the jurisdiction of the Court, defendant

**MIGUEL ANGEL CAICEDO MANZI**

did knowingly and intentionally conspire and agree with persons known and unknown to the Grand Jurors to possess with the intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 846, 841(a)(1), 841(b)(1)(A).

### Count Two
(Conspiracy to Launder Monetary Instruments)

From on or about August 24, 2024 to on or about May 29, 2025, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**MIGUEL ANGEL CAICEDO MANZI
ANDERSON JAHIR BONILLA BONILLA
OLEKSII TSYB
OCTAVIO RODRIGUEZ OSORIO
and
ILMER FIGUEROA NAVA**

did knowingly and intentionally conspire and agree with each other and other persons known and unknown to the

Grand Jury to knowingly conduct and attempt to conduct financial transactions; said transactions involved the proceeds of specified unlawful activities, namely, conspiracy to possess with intent to distribute controlled substances in violation of Title 21, United States Code, § 846 and possession with intent to distribute a controlled substance in violation of Title 21, United States Code, § 841(a)(1); that while conducting the financial transactions knew that the property involved represented the proceeds of some form of unlawful activity; and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

In violation of Title 18, United States Code, §§ 1956(h) and 1956(a)(1)(B)(i).

## Count Three
(Laundering Monetary Instruments)

On or about August 29, 2024, in the Southern District of Texas and within the jurisdiction of the Court, defendant

**MIGUEL ANGEL CAICEDO MANZI**

did knowingly and intentionally:

(i) conduct a financial transaction, that is, the transfer, delivery and other disposition of monetary instruments, that is, approximately $485,000 in cash;

(ii) the transaction involved the proceeds of specified unlawful activities, namely, possession with intent to distribute a controlled substance in violation of Title 21, United States Code, § 841(a)(1);

(iii) that while conducting the financial transaction knew that the property involved represented the proceeds of some form of unlawful activity; and

(iv) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

In violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 2.

## Count Four
(Possession with Intent to Distribute Cocaine)

On or about October 17, 2024, in the Southern District of Texas and within the jurisdiction of the Court, defendant

**MIGUEL ANGEL CAICEDO MANZI**

did knowingly and intentionally possess with intent to distribute 5 kilograms or more, that is, approximately 116 kilograms, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## Count Five
(Laundering Monetary Instruments)

On or about December 17, 2024, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**MIGUEL ANGEL CAICEDO MANZI**
**and**
**OLEKSII TSYB**

did knowingly and intentionally:

(i)    conduct a financial transaction, that is, the transfer, delivery and other disposition of monetary instruments, that is, approximately $399,000 in cash;

(ii)    the transaction involved the proceeds of specified unlawful activities, namely, possession with intent to distribute a controlled substance in violation of Title 21, United States Code, § 841(a)(1);

(iii)    that while conducting the financial transaction knew that the property involved represented the proceeds of some form of unlawful activity; and

(iv)    knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

In violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 2.

## Count Six
(Laundering Monetary Instruments)

On or about January 28, 2025, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**MIGUEL ANGEL CAICEDO MANZI**
and
**OCTAVIO RODRIGUEZ OSORIO**

did knowingly and intentionally:

(i) conduct a financial transaction, that is, the transfer, delivery and other disposition of monetary instruments, that is, approximately $289,000 in cash;

(ii) the transaction involved the proceeds of specified unlawful activities, namely, possession with intent to distribute a controlled substance in violation of Title 21, United States Code, § 841(a)(1);

(iii) that while conducting the financial transaction knew that the property involved represented the proceeds of some form of unlawful activity; and

(iv) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

In violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 2.

### Count Seven
(Laundering Monetary Instruments)

On or about April 8, 2025, in the Southern District of Texas and within the jurisdiction of the Court, defendants

**MIGUEL ANGEL CAICEDO MANZI**
and
**ILMER FIGUEROA NAVA**

did knowingly and intentionally:

(i) conduct a financial transaction, that is, the transfer, delivery and other disposition of monetary instruments, that is, approximately $136,000 in cash;

(ii) the transaction involved the proceeds of specified unlawful activities, namely, possession with intent to distribute a controlled substance in violation of Title 21, United States Code, § 841(a)(1);

(iii) that while conducting the financial transaction knew that the property involved represented the proceeds of some form of unlawful activity; and

(iv) knowing that the transaction was designed in whole or in part to conceal and disguise the nature,

location, source, ownership, and control of the proceeds of said specified unlawful activity.

In violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 2.

## Count Eight
(Laundering Monetary Instruments)

On or about May 29, 2025, in the Southern District of Texas and within the jurisdiction of the Court, defendant

**MIGUEL ANGEL CAICEDO MANZI**

did knowingly and intentionally:

(i) conduct a financial transaction, that is, the transfer, delivery and other disposition of monetary instruments, that is, approximately $200,000 in cash;

(ii) the transaction involved the proceeds of specified unlawful activities, namely, possession with intent to distribute a controlled substance in violation of Title 21, United States Code, § 841(a)(1);

(iii) that while conducting the financial transaction knew that the property involved represented the proceeds of some form of unlawful activity; and

(iv) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

In violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 2.

A TRUE BILL

Original Signature on File
FOREPERSON

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

*Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney

*Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney